UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE D. JOHNSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>POPE FRANCIS PAUL, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-CV-2174-JLS (WVG)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING COMPLAINT; AND (3) DENYING MOTION TO APPOINT COUNSEL**<br><br>(ECF Nos. 1, 2, 3) |

　　　Presently before the Court is Plaintiff Clarence D. Johnson's Motion to Proceed *In Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and Motion to Appoint Counsel ("Mot.," ECF No. 3). Plaintiff, proceeding pro se, has filed a Complaint against Defendants Pope Francis Paul, Russell Moore, President Obama, President Trump, Mike Pompeo, Senator Kamala Harris, Angela Byers, and members of the United Nations. *See generally* ECF No. 1 ("Compl."). Plaintiff claims Defendants committed "crimes in religion over 12 yr period . . . human trafficking crimes, Biblical crimes . . . extortion, conspiracies . . . public kidnappings," and other unclear allegations. *See* Compl. at 2. The Court addresses the Motions and the sufficiency of the Complaint below.

///

///

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

Plaintiff has filed an affidavit indicating his total monthly income is $0 and that he is currently unemployed and has no other assets.  IFP Mot. at 1–2.  Taken at face value, Plaintiff's application demonstrates that he is unable to pay the requisite fees.  Given these facts, the Court can conclude that Plaintiff is unable to pay the requisite fees and costs.  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

Notwithstanding IFP status, the Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14) (eff. Dec. 1, 2014).  The additional $50 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

The Court finds that Plaintiff's Complaint is both frivolous and fails to state a plausible claim.  A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional.'"  *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff filed a 4-page Complaint, alleging violations that are incoherent in nature.  *See* Compl. at 2.  The Complaint includes an unsubstantiated list of crimes asserted against various government officials.  *See id.*  Additionally, Plaintiff requests monetary damages of $1 billion.  *Id.* at 3.  The exorbitant nature of Plaintiff's requested relief suggests to the Court that Plaintiff's action lacks serious purpose or value.  After review of the foregoing, it is clear to the Court that Plaintiff's Complaint is frivolous.[2]

In addition to being frivolous, Plaintiff fails to state a cognizable claim.  All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required,

///

///

---

[2] Plaintiff has filed two supplemental documents in support of his Complaint.  *See* ECF Nos. 6, 8.  Plaintiff lists additional unsubstantiated allegations, including "misuse of PPE labor," "CDC kidnappings," and "financial embezzlement."  ECF 6 at 1.  Plaintiff also included a letter from the California Victim Compensation Board (CalVCB), simply stating that his application has been received and "it is currently being reviewed for completeness and eligibility."  *Id.* at 5.  The Court has no way of knowing the basis of Plaintiff's application to CalVCB or how it relates to the present action without additional facts.

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Here, the Court finds it difficult to identify Plaintiff's grievances against the Defendants. Based on the Court's interpretation of the Complaint, Plaintiff alleges Defendants engaged in a list of crimes, including "extortion, conspiracies . . . child trafficking etc." Compl. at 2. Because Plaintiff provides no further support for the allegations, Plaintiff's "facts do not permit the court to infer more than the mere possibility of misconduct" and therefore "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). Because Plaintiff fails to support his stated legal conclusions with facts, these legal conclusions are not assumed to be accurate for the purposes of the Court's review. *See Iqbal*, 556 U.S. at 679. Unable to assume the truth of these unsubstantiated legal conclusions, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's action.

### III. Motion to Appoint Counsel

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). This discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, the Court found above that Plaintiff has not shown that success is likely on the merits. Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Appoint Counsel.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 2).  The Court **DENIES** Plaintiff's Motion to Appoint Counsel, (ECF No. 3). The Court hereby **DISMISSES WITHOUT PREJUDICE** this action *sua sponte* for filing a frivolous action and for failure to state a claim upon which relief can be granted.  Plaintiff **MAY FILE** an amended complaint <u>within thirty (30) days of the date on which this Order is electronically docketed</u>.  Should Plaintiff fail to file an amended complaint within the time provided, the Court may enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED.**

Dated:  November 20, 2020

Hon. Janis L. Sammartino
United States District Judge