UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARANCE D. JOHNSON,<br><br>         Plaintiff,<br><br>v.<br><br>POPE FRANCIS PAUL, et al.,<br><br>         Defendants. | Case No.: 20-CV-2174-JLS (WVG)<br><br>**ORDER DENYING MOTION TO AMEND OR VACATE JUDGMENT**<br><br>(ECF No. 18) |

  Presently before the Court is Plaintiff Clarance D. Johnson's Motion to Amend or Vacate Judgment ("Mot.," ECF No. 18). The Court dismissed Plaintiff's initial complaint as frivolous and for failure to state a claim. (ECF No. 9.) The Court granted Plaintiff leave to file an amended complaint that addressed the deficiencies identified by the Court. (*Id.*) When Plaintiff failed to file an amended complaint, the Court converted the dismissal of Plaintiff's complaint into a dismissal of Plaintiff's entire action with prejudice. (ECF No. 15.) Plaintiff requests the Court vacate or amend its January 5, 2021 Order dismissing Plaintiff's action. (Mot. at 1.) For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

  Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for

reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff does not present any new evidence that suggests granting Plaintiff leave to file an amended complaint would remedy the issues the Court identified in his initial complaint. In the present Motion, Plaintiff continues to list fragmented words and phrases and that do not form any coherent claim: "Credit report from Canada, 7100 Jean Talon St, Constitutional crimes foreign policy guidelines, East Montreal Quebec," Mot. at 4; "Public kidnappings, tampering criminal evidence, crimes of treason, judicial kidnapping, obstruction justice, public corruption," *id.* at 7. Plaintiff is suing "Trump + Obama administrations, United Nations, Angela Byers FBI," and other public figures and institutions. *Id.* at 3. The Court previously determined that Plaintiff's allegations were frivolous. ECF No. 9 at 3. A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996). The term "frivolous," when used to describe a complaint,

"embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. Plaintiff's allegations, if the lists in his Motion are considered as such, continue to be fanciful and unsupported by facts.

Furthermore, the Court twice instructed Plaintiff to file an amended complaint and warned that failure to do so would result in a final order dismissing his action with prejudice. ECF Nos. 9, 12; *see Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005). Plaintiff did not take advantage of the opportunity to fix his complaint, even though he continued to file motions in this case. *See* ECF Nos. 11, 14. There is no new evidence in the present Motion that suggests vacating the judgment and allowing Plaintiff additional time to amend his complaint would remedy the problems identified by the Court.

Accordingly, the Court **DENIES** Plaintiff's Motion. This case remains closed.

**IT IS SO ORDERED.**

Dated: February 8, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge